UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IAN ANTHONY BULANDR,

    Plaintiff,

 v.

PELICAN BAY STATE PRISON,

    Defendant.

Case No. 16-cv-2405-TEH

ORDER OF SERVICE

Plaintiff, an inmate at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II

Plaintiff states that he has received inadequate medical care.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60.

A prison official is deliberately indifferent if he or she

2

knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong, Iqbal, 556 U.S. at 675-84 (noting no vicarious liability under Section 1983 or Bivens actions), and unfairly subject the supervisor defendants to the expense of discovery and continued litigation, Henry A. v. Willden, 678 F.3d 991, 1004 (9th Cir. 2012) (general allegations about supervisors' oversight responsibilities and knowledge of independent reports documenting the challenged conduct failed to state a claim for supervisor liability). So it is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a

3

specific policy" or "a specific event" instigated by them that led to the constitutional violations. Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012). Under no circumstances is there respondeat superior liability under section 1983, which means there is no liability under section 1983 solely because one is purportedly responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff states that he has been denied medical care for his chronic psoriasis and eczema. He states that Nurse Risenhoover denied treatment by refusing creams and ointments that has been working well for Plaintiff. As a result he suffers from bleeding, scabbing, and pain. He also alleges that Dr. Bal denied his requests to see a skin specialist or receive adequate care. Liberally construed these allegations are sufficient to proceed against Risenhoover and Bal.

Plaintiff also alleges that Chief Executive Officer McClean failed to properly train and supervise staff. Plaintiff has failed to link McClean to any of his specific treatment and seeks to hold her liable as a supervisor. However, there is no respondeat superior liability under section 1983. Because Plaintiff was already provided an opportunity to amend to address this claim and allowing further amendment would be futile, this claim is dismissed without leave to amend.

### III

For the foregoing reasons, the Court hereby orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a

4

1  copy of the amended complaint (Docket No. 10), and a copy of this
2  order upon the following Defendants at Pelican Bay State Prison:
3  Nurse Sue Risenhoover and Dr. J. Bal.  The remaining Defendants
4  are dismissed with prejudice.
5        2.  In order to expedite the resolution of this case, the
6  Court orders as follows:
7            a.  No later than 91 days from the date of service,
8  Defendants shall file a motion for summary judgment or other
9  dispositive motion.  The motion shall be supported by adequate
10 factual documentation and shall conform in all respects to
11 Federal Rule of Civil Procedure 56, and shall include as exhibits
12 all records and incident reports stemming from the events at
13 issue.  If Defendant is of the opinion that this case cannot be
14 resolved by summary judgment, he shall so inform the Court prior
15 to the date his summary judgment motion is due.  All papers filed
16 with the Court shall be promptly served on the plaintiff.
17           b.  At the time the dispositive motion is served,
18 Defendants shall also serve, on a separate paper, the appropriate
19 notice or notices required by Rand v. Rowland, 154 F.3d 952, 953-
20 954 (9th Cir. 1998) (en banc), and Wyatt v. Terhune, 315 F.3d
21 1108, 1120 n. 4 (9th Cir. 2003).  See Woods v. Carey, 684 F.3d
22 934, 940-941 (9th Cir. 2012) (Rand and Wyatt notices must be
23 given at the time motion for summary judgment or motion to
24 dismiss for nonexhaustion is filed, not earlier); Rand at 960
25 (separate paper requirement).
26           c.  Plaintiff's opposition to the dispositive motion,
27 if any, shall be filed with the Court and served upon Defendants
28 no later than thirty days from the date the motion was served

5

1  upon him.  Plaintiff must read the attached page headed "NOTICE -
2  - WARNING," which is provided to him pursuant to Rand v. Rowland,
3  154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and Klingele v.
4  Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).
5       If Defendants file a motion for summary judgment claiming
6  that Plaintiff failed to exhaust his available administrative
7  remedies as required by 42 U.S.C. § 1997e(a), plaintiff should
8  take note of the attached page headed "NOTICE -- WARNING
9  (EXHAUSTION)," which is provided to him as required by Wyatt v.
10 Terhune, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).
11          d.  If Defendant wishes to file a reply brief, he shall
12 do so no later than fifteen days after the opposition is served
13 upon him.
14          e.  The motion shall be deemed submitted as of the date
15 the reply brief is due.  No hearing will be held on the motion
16 unless the court so orders at a later date.
17      3.  All communications by Plaintiff with the court must be
18 served on defendant, or defendant's counsel once counsel has been
19 designated, by mailing a true copy of the document to defendants
20 or defendants' counsel.
21      4.  Discovery may be taken in accordance with the Federal
22 Rules of Civil Procedure.  No further court order under Federal
23 Rule of Civil Procedure 30(a)(2) is required before the parties
24 may conduct discovery.
25      5.  It is Plaintiff's responsibility to prosecute this case.
26 Plaintiff must keep the court informed of any change of address
27 by filing a separate paper with the clerk headed "Notice of
28 Change of Address."  He also must comply with the court's orders

6

1  in a timely fashion.  Failure to do so may result in the
2  dismissal of this action for failure to prosecute pursuant to
3  Federal Rule of Civil Procedure 41(b).
4      IT IS SO ORDERED.
5  Dated: 7/28/2016

                                    _____
                                    THELTON E. HENDERSON
                                    United States District Judge

8  G:\PRO-SE\TEH\CR.16\Bulandr2405.serve.docx

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.